IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| DIANE DEAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| ILLINOIS STATE UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | **JURY DEMAND** |

## Complaint

The Plaintiff, Diane Dean ("Dean"), in support of her complaint against the Defendant, Illinois State University ("ISU"), states as follows:

### Nature of Complaint

1. Dean brings three separate claims against Illinois State University. First, she contends that she has been retaliated against because of engaging in activity that is protected under Title VII in violation of 42 U.S.C. 2000e-3. Second, she contends that she has been discriminated against because of her race in violation of 42 U.S.C. 2000e. Third, she contends that she has been discriminated against because of her gender in violation of 42 U.S.C. 2000e.

2. All of Dean's claims allege violations of federal law and this Court has jurisdiction to hear those claims pursuant to 28 U.S.C. 1331.

3. Dean filed a complaint with the United States Equal Employment Opportunity Commission on June 3, 2020. In that charge she alleged that she had been subjected to retaliation under both Title VII and the Americans with

Disabilities Act, that she had been discriminated against because of her race (Caucasian), and that she had been discriminated against because of her gender (Female).

4. On December 20, 2021, the EEOC issued Dean a notice of her right to bring a lawsuit against ISU.

## Factual Background

5. Dean is an adult Caucasian female. At times relevant to this proceeding she was employed by ISU as an Associate Professor in its Department of Educational Administration Foundations.

6. ISU is a state university located in Normal, Illinois.

7. Lenford Sutton, who is black and male, is the Chair of the ISU Department of Educational Administration Foundations.

8. Throughout her tenure at ISU Dean has engaged in numerous actions that would be considered protected activities under Title VII. A portion of these include the following:

    a. In the summer of 2012 she complained that she had been subjected to gender discrimination. These complaints were made to ISU's Human Resources Department and other administration officials.

    b. In April of 2015 a female student filed a Title IX complaint against Sutton with ISU. Dean supported that complaint and was identified as a witness for the complainant. Dean provided support for that complaint.

    c.      In May of 2015 Dean complained to ISU's Office of Equal Opportunity and Access that she had been subjected to discrimination on the grounds of her gender and her race.

    d.      On February 12, 2016, Dean filed a complaint against Sutton with ISU's Academic Freedom, Ethics and Grievance Committee. That committee is an elected body of faculty members. In that complaint she alleged that Sutton had engaged in discriminatory conduct.

    e.      In March of 2016 Dean filed a complaint with ISU's Office of Equal Opportunity and Access alleging that Sutton had engaged in discriminatory conduct. The complaint made it clear that Dean opposed such behavior on the part of Sutton.

    f.      In June of 2017 a second Title IX investigation was conducted regarding Sutton by ISU's Office of Equal Opportunity and Access. Dean supported the complaint in that matter and provided testimony in that proceeding that was critical of Sutton.

    g.      In July of 2017, because of complaints she had made about Sutton, Dean was advised that ISU's Office of Equal Opportunity and Access had launched an investigation into Sutton concerning his discriminatory actions directed towards her.

    h.      In March of 2019 she met with ISU administrators to report her concerns about Sutton, including his discriminatory actions. She made it clear that she opposed such actions.

## Count I
*Title VII Retaliation*

9. Paragraphs 1-8 are incorporated herein.

10. The actions identified in paragraph 8 constitute activities that are protected under Title VII from retaliation.

11. ISU, by and through Sutton and others, has retaliated against Dean because of the protected activities that she has engaged in. This retaliation has included, but is not limited to, the following:

   a. Repeatedly downgrading her performance evaluations. As a result of the downgrading of her evaluations her income has been impacted and her retirement benefits have been impacted.

   b. Refused to give her a promotion to the position of Associate Dean in 2019.

   c. Refused to allow her to serve on committees that would enhance her professional reputation.

   d. Refused to allow her to work in the summer months despite the fact that it is in her contract that she be allowed to do so. This impacted her annual income significantly and impacts her retirement benefits.

   e. Refused to allow her to attend conferences that would enhance her professional reputation.

   f. Created a hostile working environment that has forced her to take a leave of absence.

   g. Has treated her students differently than other students are treated.

    h.    Denial of professional opportunities that are afforded to other faculty members.

    12.    But for Dean's protected activities, the retaliation outlined in paragraph 11 would not have occurred.

    13.    As a result of these actions Dean has sustained economic damages and has sustained emotional distress damages as well.

    Wherefore, Dean requests that this Court enter judgment on her behalf and provide her with the following:

    1.    An order finding that she was unlawfully retaliated against by ISU.

    2.    An award of damages for the injuries that she has sustained.

    3.    An award of fees and costs.

    4.    Any other relief that is appropriate.

### Count II
*Race Discrimination*

    14.    Paragraphs 1-13 are incorporated herein.

    15.    Dean is Caucasian and has been subjected to different treatment than her non-Caucasian peers.  This has been directed primarily by Sutton.

    16.    The instances of race discrimination include those outlined in paragraph 11.

    17.    Dean's race was a contributing and motivating factor for each of those instances of discrimination outlined in paragraph 11.

    18.    As a result of these actions Dean has sustained economic damages and has sustained emotional distress damages as well.

Wherefore, Dean requests that this Court enter judgment on her behalf and provide her with the following:

1. An order finding that she was unlawfully discriminated against because of her race by ISU.

2. An award of damages for the injuries that she has sustained.

3. An award of fees and costs.

4. Any other relief that is appropriate.

### Count III
*Gender Discrimination*

19. Paragraphs 1-13 are incorporated herein.

20. Dean is female and has been subjected to different treatment than her male peers. This has been directed primarily by Sutton.

21. The instances of race discrimination include those outlined in paragraph 11.

22. Dean's gender was a contributing and motivating factor for each of those instances of discrimination outlined in paragraph 11.

23. As a result of these actions Dean has sustained economic damages and has sustained emotional distress damages as well.

Wherefore, Dean requests that this Court enter judgment on her behalf and provide her with the following:

1. An order finding that she was unlawfully discriminated against because of her gender by ISU.

2. An award of damages for the injuries that she has sustained.

3. An award of fees and costs.

4. Any other relief that is appropriate.

**DEAN REQUESTS A JURY TRIAL FOR EACH CLAIM**

Diane Dean

By: /s/ John A. Baker
    Her Attorney

John A. Baker
Baker, Baker & Krajewski, LLC
415 South Seventh Street
Springfield, Illinois 62701
Telephone:      (217) 522-3445
Facsimile:      (217) 522-8234
Email:          jab@bbklegal.com