UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DIANE DEAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 22-cv-1082-JES-JEH |
| | ) |
| ILLINOIS STATE UNIVERSITY, | ) |
| | ) |
| Defendant. | ) |

## ORDER AND OPINION

This matter is now before the Court on Defendant's Motion and supporting Memorandum, seeking to dismiss Plaintiff's Complaint (Doc. 7), for failure to state a claim. Plaintiff has filed a Response in Opposition (Doc. 9) and Supplemental Response in which she provides a copy of the December 20, 2021 Right to Sue Letter issued by the Equal Employment Opportunity Commission ("EEOC") in response to her June 3, 2020 Charge of Title VII Discrimination. For the reasons set forth below, Defendant's Motion to Dismiss is GRANTED in part and DENIED in part.

## BACKGROUND

Plaintiff asserts a Title VII Civil Rights Act claim against the Board of The Trustees of Illinois State University ("ISU"), incorrectly named as Illinois State University. Plaintiff alleges racial and gender discrimination under (42 U.S.C. 2000e) and retaliation under (42 U.S.C. 2000e-3). The following facts are taken from Plaintiff's Complaint, which the Court accepts as true for the purposes of a motion to dismiss. *Bible v. United Student Aid Funds, Inc.*, 799 F.3d 633, 639 (7th Cir. 2015).

Plaintiff is a Caucasian female employed at ISU as an associate professor in the Department of Educational Administration Foundations ("DEAF"). Ledford Sutton, a black

male, is the Chair of DEAF. In her Count I Retaliation claim, Plaintiff alleges that she filed complaints against Sutton and others; and also supported one or more Title IX complaints filed by students against Sutton. Plaintiff asserts that Sutton and other unidentified individuals retaliated against her by downgrading her performance evaluations; refusing in 2019 to promote her to Associate Dean; refusing to allow her to serve on committees; refusing to allow her to work in the summer months; refusing to allow her to attend conferences; creating a hostile work environment that forced her to take a leave of absence; treating her students differently than the students of other faculty members; and denying "professional opportunities" afforded to other faculty members.

In Counts II and III, Plaintiff makes general allegations that Sutton discriminated against her due to her status as a White female, without pleading detail as to the alleged discrimination. While Plaintiff might be implicating others, she alleges that the race and gender discrimination were "directed primarily by Sutton." (Doc. 1 at ¶ 15, 20). Plaintiff alleges in support of her discrimination claims, the same career limiting events cited in support of the retaliation.

Defendant has moved to dismiss, largely asserting that the discrimination and retaliation claims are too lacking in detail to state a claim. Defendant argues Plaintiff cannot sustain a claim for race or gender discrimination where she has not identified the alleged acts of discrimination. Defendant also asserts that the retaliation lacks sufficient detail; and due to this lack of detail, it is unclear whether Plaintiff's allegations are outside the relevant 300-day period of the filing of the June 3, 2020 Charge of Discrimination.

Plaintiff responds that Defendant asks too much of the pleading. Plaintiff cites *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506 (2002) and other cases, to support that the Court's

review of the complaint is a limited one; to determine "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Id.* at 511.

## MOTION TO DISMISS

Defendant asserts its Motion under Fed. R. Civ. P. 12(b)(6) which challenges the sufficiency of a complaint to state a claim upon which relief may be granted. *Hallinan v. Fraternal Order of Police Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *McGowan v. Hulick*, 612 F.3d 636, 637 (7th Cir. 2010) (courts accept factual allegations as true and draws all reasonable inferences in plaintiff's favor). A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). These allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 679.

## FACTS

Plaintiff complains in summary fashion, that around the Summer of 2012, she complained to Human Resources and "other administration officials," that she had been subjected to "gender discrimination," not otherwise described. Plaintiff does not identify the discriminatory acts or identify the individual(s) who discriminated against her. In May 2015, Plaintiff complained of gender and racial discrimination to the Office of Equal Opportunity and Access ("OEOA"). Here, again, Plaintiff does not identify the discriminatory acts or the individual(s) responsible.

On February 12, 2016, Plaintiff filed a complaint with the Academic Freedom, Ethics, and Grievance Committee ("AFEG), an elected body of faculty members, alleging discrimination by DEAF Chair Sutton. This appears to be the first complaint in which Plaintiff named Sutton. No additional detail is provided, and it is unclear whether the discrimination was racial, gender-related, or both. In March 2016, Plaintiff filed another complaint with the OEOA, alleging unspecified "discriminatory conduct" by Sutton. In April 2015, a female student filed a Title IX complaint against Sutton, identifying Plaintiff as a supporting witness.

In June 2017, the OEOA undertook a Title IX investigation of Sutton, and it is not clear whether this was related to the April 2015 complaint or represents a second complaint. Plaintiff supported the complaint and provided testimony at the proceeding. In July 2017, as a result of Plaintiff's complaints, the OEOA launched an investigation of Sutton. Plaintiff does not disclose the results of that investigation. In March 2019, Plaintiff met with unidentified ISU administrators and reported her concerns about Sutton's "discriminatory actions."

Plaintiff filed a Charge of Discrimination with the EEOC and, on December 20, 2021, was issued a Right to Sue Letter. On March 18, 2022, Plaintiff filed her complaint where she generally asserts that the downgrading of her performance evaluations, the failure to promote her, and other lost career opportunities, are evidence of both the retaliation she suffered and the discriminatory actions to which she was subjected. Plaintiff alleges that these actions limited her career opportunities, affecting her compensation, pension, and professional standing.

## ANALYSIS

<u>Count II and III Discrimination</u>

The complaint is so sparsely pled that at times, it is unclear whether Plaintiff is asserting racial discrimination, gender discrimination, or both. Some of the allegations do not identify the

individual who allegedly discriminated, and it is unclear as to the number of actions which are attributable to Sutton. *See Fosnight v. Jones*, 41 F.4th 916, 921–22 (7th Cir. 2022) (finding that, for purposes of facial plausibility, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (citing *Iqbal*, 556 at 662). *See also Conner v. Illinois Dept. of Nat. Res.*, 413 F.3d 675, 679 (7th Cir. 2005) ("But pleading is still vitally important to inform the opposing party of the grounds upon which a claim rests; a complaint is adequate only if it 'fairly notifies a defendant of matters sought to be litigated[.]'").

The parties frame the issue as whether Plaintiff's Title VII complaint sufficiently states a claim in light of the Supreme Court's 2002 decision in *Swierkiewicz* and later decisions in *Twombly* (2007), and *Iqbal* (2009). In *Swierkiewicz*, the Supreme Court considered the Second Circuit's affirmance of the district court's Rule 12(b)(6) dismissal of a Title VII discrimination claim. The district court dismissed, finding that plaintiff had not adequately pled a prima facie case under *McDonnell Douglas*, 411 U.S.792, 802 (1981). The Supreme Court reversed, finding that a *McDonnell Douglas* prima facie case was "an evidentiary standard, not a pleading requirement." *Id*. at 510. The Court held that a Title VII discrimination case did not require heightened pleading beyond the Fed. R. Civ. P. 8(a)(2) requirement of "a short and plain statement of the claim showing that the pleader is entitled to relief." *Swierkiewicz*, 534 U.S. at 512. Plaintiff asserts that *Swierkiewicz* remains good law as it was not overruled by the Court's subsequent decisions in *Twombly* and *Iqbal*, although these cases have later been interpreted by the Seventh Circuit as imposing "enhanced pleading requirements." *Tate v. SCR Med. Transp.*, 809 F.3d 343, 345-46 (7th Cir. 2015).

In *Twombly*, decided five years after *Swierkiewicz*, the Court discussed the Rule 8(a)(2) pleading requirements in the context of a Sherman Act anti-trust claim. The Court reiterated that under the Rule, a plaintiff need not plead "detailed factual allegations" to survive a Rule 12(b)(6) motion to dismiss. Plaintiff was obligated, however, to provide the "grounds' of his 'entitlement to relief.'" *Id*. at 555. The Court determined that plaintiff had not sufficiently stated an anti-trust claim where he only pled allegations "consistent with" an anti-competitive agreement, rather than allegations which plausibly suggested it. *Id*. at 545. The Supreme Court provided further guidance two years later in *Iqbal*, where it upheld the dismissal of a pretrial detainee's inhumane conditions of confinement claim. The *Iqbal* Court, citing Rule 8(a)(2), stated "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679.

Plaintiff argues that her complaint is sufficient, citing language in *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014 (7th Cir. 2013), post *Twombly* and *Iqbal*. There, although acknowledging the "tension" between *Swierkiewicz* and *Twombly* and *Iqbal*, the Seventh Circuit stated, "a complaint alleging sex discrimination need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of her sex.'" *Id*. at 1028. *Luevano* is distinguishable, however, as it concerned a pro se plaintiff who used a form complaint provided by the court. The form provided six lines for the body of the complaint, "implying that the statement should be concise." *Id*. at 1027. The Seventh Circuit determined the pleading sufficient, noting that "pleading standards for pro se plaintiffs are considerably relaxed," and courts are to "construe pro se complaints liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers[.]") *Id*. at 1027 (internal citations omitted).

Plaintiff also cites the aforementioned *Tate* case, asserting, "the Seventh Circuit again affirmed that a plaintiff need only allege that they were fired, the date that they were fired, and generally state that it was because of a prohibited reason." (Doc. 9 at 3) (citing *id*. at 346). There, the Seventh Circuit found the plaintiff had adequately pled discrimination and retaliation claims under *Twombly* and *Iqbal*. However, the *Tate* plaintiff, like that in *Lueveno*, was pro se and had used a court-provided form complaint which provided only seven blank lines in which to plead.

Plaintiff cites more cases still, to support a low pleading threshold. In one, *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 827 (7th Cir. 2014), the Seventh Circuit stated that a Title VII claim "need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of her sex." There, however, the Court went on to discuss the detailed allegations of the complaint, detail which is missing here. *See id*. at 823. In another, *Huri v. Office of the Chief Judge of the Circuit Court of Cook Cnty.*, 804 F.3d 826, 833-34 (7th Cir. 2015), the Seventh Circuit found the Muslim court employee's complaint sufficient where she pled a "litany of malfeasance." This included being subject to "screaming, prayer circles, social shunning, implicit criticism of non-Christians, and uniquely bad treatment of [plaintiff] and her daughter…" Plaintiff has pled no such litany pled here.

Plaintiff also cites *Graham v. Bd. of Educ.*, 8 F.4th 625, 627 (7th Cir. 2021), where the Seventh Circuit reversed the district court's Rule 12(b)(6) dismissal. There, however, the dismissal resulted from the district court applying too high a standard. The Seventh Circuit found, "[t]he district judge wanted [plaintiff] to put in the complaint all facts that would be needed to defeat a motion for summary judgment. But that's not the function of a complaint." It is clear, after *Swierkiewicz*, that the practice of requiring a Title VII plaintiff to plead a prima

7

facie case has been discredited. Still, one must plead facts which plausibly suggest an entitlement to relief. *Twombly*, 550 U.S. at 545; *Iqbal*, 556 U.S. at 679 (requiring "well-pleaded facts" which infer "more than the mere possibility of misconduct…").

In a more recent case, *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774 (7th Cir. 2022), the Seventh Circuit affirmed the dismissal of a Title VII claim for unlawful termination. Although critical of the standard the district court used in reviewing the complaint, the Appellate Court agreed that the pro se plaintiff's pleading was insufficient where:

> Beyond saying Elite Staffing wrongfully discharged her, Kaminski includes no factual allegations directly or indirectly connecting the termination with her national origin, age, or race. It is not enough for the complaint to observe only that federal law prohibits adverse employment actions on those grounds. There must be some *facts* that make the wrongful discharge contention plausible.

*Id.* at 776.

The Court finds that Plaintiff's pleadings as to her discrimination claims fail Rule 8(a)(2) scrutiny where Plaintiff has only vaguely pled that Sutton, and perhaps others, "discriminated" against her. She does not identify any individual acts of discrimination, only asserting that any unrealized career opportunity was evidence of discrimination. While Plaintiff relies heavily on *Swierkiewicz*, that case principally held that a Title VII plaintiff need not plead a prima facie case to withstand a motion to dismiss, not that conclusory allegations should be allowed. In *Brooks v. Ross*, 578 F.3d 574 580 (7th Cir. 2009), the Seventh Circuit characterized *Swierkiewicz* as "'focus[ing] litigation on the merits of a claim' rather than on technicalities that might keep Plaintiffs out-of-court." This, of course, is consistent with the decisions in *Lueveno* and *Tate*, liberally construing pro se filings. Here, however, there is no public policy reason to construe this complaint as liberally as though filed by a pro se plaintiff.

Plaintiff has failed to plead facts to support discrimination, merely reciting legal conclusions which do not plausibly suggest that unrealized career opportunities were due to race or gender discrimination. *See McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) ("legal conclusion and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth.") (citing *Iqbal*, 556 U.S. at 681); *Brooks*, 578 F.3d at 581 (finding it is not enough to "merely parrot the statutory language of the claims that they are pleading . . . rather than providing some specific facts to ground those legal claims . . ."). This is insufficient under *Twombly* and *Iqbal*, and even *Swierkiewicz*, as all require a level of pleading which will fairly place a defendant on notice of the claims against him.

Defendant also asserts that the complaint is so lacking in detail that it cannot be determined whether any of the claims fall within the 300-day limit of the filing of the Charge of Discrimination. The Court need not address this as whether the complaint was timely filed is an affirmative defense with the burden on defendant, not a pleading requirement. "Complaints need not anticipate defenses and attempt to defeat them." *Potts v. Nippon Sharyo Mfg., LLC*, No.16-50145, 2016 WL 4975148, at *2 (N.D. Ill. Sept. 16, 2016).

<u>Count I Retaliation</u>

As to the retaliation, Defendant claims that Plaintiff has generally failed to plead sufficient details to support that any retaliation even occurred. It claims, further, while Plaintiff names Sutton in some of the allegations, he has not identified the names, titles, or other information as to the "others" who allegedly retaliated against her. Defendant also claims that the alleged retaliatory actions are unduly vague, and Plaintiff has not pled a causal link between her protected activity and the retaliatory acts. Defendant notes, particularly, while Plaintiff alleges a

9

hostile work environment, she has pled no facts to support conditions which would reach the level of a hostile work environment.

The Court largely disagrees, finding Plaintiff has sufficiently pled that she engaged in protected activity, filing complaints about Sutton, and perhaps others, and testifying against Sutton in support of at least one Title IX complaint.[1] She then pled to a number of adverse work-related actions, stating that if not for her protected conduct, she would not have suffered them. *See Carlson*, 758 F.3d at 828 (finding a retaliation claim is sufficiently pled where it specifically identifies the protected activity and identifies the adverse employment action). This is enough to place Defendant on fair notice, with the exception of the retaliation hostile work environment claim which is not adequately pled.

It is recognized that a hostile work environment may be actionable as a form of retaliation. *See Knox v. State of Ind.*, 93 F.3d 1327, 1334 (7th Cir. 1996) ("No one would question the retaliatory effect of many actions that put the complainant in a more unfriendly working environment."); *Smith v. Ne. Illinois Univ.,* 388 F.3d 559, 567 n.5 (7th Cir. 2004) ("The creation of a hostile work environment can be a form of retaliation."). To succeed on a claim of a retaliatory hostile work environment, Plaintiff must establish that the conditions were "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Dennis v. Potter*, No.11-58, 2015 WL 4429371, at *11 (N.D. Ind. July 20, 2015), *on reconsideration in part,* No.11-58, 2015 WL 5032015 (N.D. Ind. Aug. 25, 2015) (citing *Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 21 (1993)). While this level of specificity is not required at the pleadings stage, *some* pleading is required. Plaintiff has not

---

[1] It is not inconsistent to dismiss the discrimination claims while allowing the retaliation to proceed as a plaintiff can establish a retaliation claim even if the underlying discrimination claim does not succeed. *Luevano*, 722 F.3d at 1029 (citing *Dey v. Colt Const. & Dev. Co.,* 28 F.3d 1446, 1458 (7th Cir.1994) ("In order for plaintiff's expression to be protected by section 2000e–3(a), the challenged practice need not actually violate Title VII.")).

stated any facts suggestive of an abusive environment, merely interjecting the term "hostile work environment" into the pleadings without "providing some specific facts to ground [the] claims." *Brooks*, 578 F.3d at 581. This is not enough to fairly place Defendant on notice of the claim against it. *See Iqbal*, 556 U.S. at 678 ("[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.")

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss (Doc. 11) is GRANTED in part and DENIED in part. It is GRANTED to the extent that Plaintiff's Count II and III gender and race discrimination claims are dismissed. Plaintiff's Count I retaliation claim can proceed with the exclusion of the retaliation through a hostile work environment claim. Plaintiff will have leave, within 30 days, to file an Amended Complaint, consistent with this Order.

Entered on this 6th day of March, 2023.

s/James E. Shadid
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE
